NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN VIGIL, JR., *Appellant.*

No. 1 CA-CR 22-0144
FILED 11-22-2022

Appeal from the Superior Court in Navajo County
No. S0900CR202100741
No. S0900CR202000490
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Oliverson & Huss Law, PLLC, Tempe
By David Greenberg
*Counsel for Appellant*

———————————————

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

———————————————

**M c M U R D I E**, Judge:

¶1 John Vigil Jr. appeals his convictions and sentences for continuous sexual abuse, child molestation, and sexual conduct with a minor. Vigil's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.[1] Vigil was allowed to file a supplemental brief, and he alleged: (1) the prosecutor engaged in misconduct through vouching and improper emotional appeal; (2) the State's exhibits 1-10 were prejudicial and irrelevant; (3) Juror #13 soiled the jury by expressing bias; (4) Juror #11 could not hear the evidence presented; and (5) Defendant was misled during his *State v. Donald*, 198 Ariz. 406 (App. 2000) hearing. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Vigil's convictions and sentences.

———————————————

[1] About two weeks after counsel filed the brief and certification, Vigil filed a *pro se* motion to proceed as indigent on appeal. In that motion, Vigil alleged that his counsel had stated he "would not be able to continue the appeals process" unless he was paid more money. Allegedly, counsel also suggested that if Vigil could not pay, he would not file an appeal and would instead file "what [he had]." Vigil claims that only after failing to pay his counsel's fees, counsel filed the *Anders* brief. We summarily denied the *pro se* motion, reasoning that the right to counsel "does not include the right to counsel of choice."

Because our review of the record does not find arguable issues, we affirm the convictions and sentences. But Vigil may raise an ineffective assistance of appellate counsel argument in a petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.

## FACTS[2] AND PROCEDURAL BACKGROUND

**¶2**         John Vigil Jr. is married to Bianca, the biological mother of Elena,[3] born August 2009, and Mikayla, born April 2003. Vigil lived with Bianca and the girls and was their father figure. In January 2020, when Elena was ten years old, Bianca noticed some behavioral changes in Elena. When asked, Elena told her mother, "Daddy hurts me." Elena then described that Vigil would put his penis inside her, and "white stuff" would come out.

**¶3**         Bianca asked her other daughter, Mikayla, whether Vigil had ever "been inappropriate" with her, and Mikayla told her mother to believe Elena and to call the police. Vigil was charged with continuous sexual abuse of a child, child molestation, furnishing harmful items to minors, and sexual conduct with a minor.

**¶4**         At the trial, both Elena and Mikayla testified. Elena described an instance in which Vigil entered her room at night, had her pull down her pants, and placed his penis in her vagina. She revealed this behavior occurred roughly once a week, going back several years. And she testified that a "mushy substance," which she believed to be white, came out of the tip of his penis many times.

**¶5**         Describing another occasion, Elena stated that Vigil held her face to face while fully clothed with his penis rubbing against her vagina. Elena testified to an incident in which Vigil showed her a video on his cell phone. She described seeing an adult female "on top of a man, and she was going up and down on his penis, and they didn't have any clothes."

**¶6**         Mikayla testified that Vigil placed his hands under her pajamas, touching her genitals and chest. She also described how he took his penis out and put it in her vagina. On another occasion, she awoke to Vigil in her bed, after which he rubbed her genitals with his hand and put his penis in her vagina again. Another episode involved Vigil insisting that Mikayla rub his penis with her hand, manipulating her hand with his to rub

---

[2]       We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

[3]       To protect the children's identities, we refer to them by pseudonyms.

his penis. Mikayla also described another instance in which Vigil put his penis in her anus, where he thrust it in and out.

¶7 Two days after Bianca called the police, a pediatric sexual assault nurse examined Elena and Mikayla. The nurse testified Elena had a normal exam with no injuries. She explained that the "female anatomy is built to receive penetration, therefore it's very stretchy, it's very pliable so penetration can happen, and normally does happen without any injury." As for Mikayla, the nurse testified she had two transections of the hymen, which she stated would occur from a penetrative injury. The nurse said one of the transections appeared to have been within a week to two weeks old, but Mikayla's most recent sexual experience with her boyfriend had been several months earlier.

¶8 The jury found Vigil guilty of continuous sexual abuse of a child, child molestation, and sexual conduct with a minor. The jury found Vigil not guilty of the charge of furnishing harmful items to minors. The court sentenced Vigil to the presumptive prison sentences for continuous sexual abuse of a child and child molestation. His two counts for sexual conduct with a minor were life sentences as mandated by statute. *See* A.R.S. § 13-705(A).

¶9 Vigil appealed.

## DISCUSSION

¶10 We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶11 We briefly address Vigil's supplemental arguments. Reviewing the prosecutor's closing argument, we do not find that he engaged in misconduct through vouching or improper emotional appeal. We agree that State's exhibits 1-10 were of limited relevance, but there was no prejudice by including ten photos of the victims at various ages. It was within the discretion of the superior court to allow them. The court did not err in its management of Juror #13. Polling the jury revealed no "soil[ing];" regardless, Juror #13 was excused at her request before deliberations. There is insufficient evidence that Juror #11 could not hear testimony at the trial. Juror #11 never suggested any such difficulty, and it was within the superior court's discretion to decide whether there was concern about the issue. Finally, the defendant was present for his *Donald* hearing. There is no evidence to suggest that he was not given a fair representation of the

charges against him or their associated sentences. In sum, Vigil's arguments are meritless.

¶12       Vigil was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Vigil all his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was enough to support the jury's verdicts. Vigil's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

¶13       Vigil's convictions and sentences are affirmed. After filing this decision, defense counsel's obligations pertaining to Vigil's representation in this appeal will end after informing Vigil of the outcome of this appeal and his future options unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

